# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 21, 2023

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nicholas G. Garaufis, U.S.D.J.
225 Cadman Plaza East
Courtroom 4D South
Brooklyn, NY 11201-1804

      *Re:*    **Dawkins v. Avi & Co NY Corp.**
             **Case No.: 1:23-cv-1554 (NGG) (VMS)**
             <u>**MLLG File No.: 85-2023**</u>

Dear Judge Garaufis:

      This firm represents the Defendant Avi & Co NY Corp. (the "Defendant") in the above-referenced case. Defendant writes pursuant to ¶ V(A)(2) and (3) of this Court's Individual Rules to simultaneously and respectfully request: (i) a pre-motion conference in anticipation of its motion to dismiss for lack of standing and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"); and (ii) an extension of time *sine die* to respond to Plaintiff's first amended complaint until such time that the anticipated motion to dismiss is decided pursuant to Rules 1 and 6.

**<u>Plaintiff Lacks Standing to Sue and the Complaint Fails to State a Claim</u>**

      Plaintiff Elbert Dawkins (hereinafter "Plaintiff" or "Dawkins") alleges in his complaint that he tried to purchase a specific watch on Defendant's website on January 23 and 24 this year but encountered barriers that denied him full and equal access to Defendant's website because he is a blind, visually-impaired handicapped person. <u>See</u> ECF Docket Entry 11 ¶¶ 18, 21. He alleges further that intends to attempt to access Defendant's website in the future to purchase products and services the website offers, and more specifically the specific watch he previously attempted to purchase. <u>See</u> <u>Id.</u> at ¶ 31.

      Plaintiff fails to establish an injury in fact under the Americans with Disabilities Act ("ADA") because he does not offer any "non-conclusory factual allegations" that demonstrate a plausible intention to return to Defendant's website but for the barriers to access. <u>See</u> <u>NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.</u>, 693 F.3d 145, 156 (2d Cir. 2012). Instead, the complaint merely asserts in a conclusory manner that Plaintiff intends to attempt to access the website in the future. <u>See</u> <u>Suris v. Crutchfield New Media, LLC</u>, No. 1:22-CIV.-6961 (NRM) (RML), 2023 WL 3792512, at *3 (E.D.N.Y. June 2, 2023) ("The Plaintiff … intend[s] to revisit the Website for … products [he] can purchase …").

Where a plaintiff offers no explanation as to what products he intends to return to purchase, why he is interested in purchasing those products, or any "description of concrete plans" or *"specification of when the 'some day'"* he plans on returning will be. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (internal quotation marks and citations omitted) (emphasis added) ("[S]ome day intentions ... do not support a finding of the actual or imminent injury that Article III requires"). Here, while Plaintiff alleges he intends to attempt to access Defendant's website in the future, he altogether fails to provide any description of concrete plans or specification of when the "future" day he plans on returning will be. Therefore, the Plaintiff lacks standing to sue.

Defendant also respectfully submits that the first amended complaint fails to state a claim upon which relief can be granted. To state a claim under the ADA, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." See Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008) (citation omitted). Here, while Plaintiff adequately pleads that he is disabled and that Defendant owns a website, Defendant respectfully submits the complaint fails to adequately allege that Defendant discriminated against the Plaintiff.

"With respect to the third element, 'a plaintiff can base a disability discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" See Jones v. Thomas, 2020 WL 5077026, at *3 (S.D.N.Y. Aug. 27, 2020) (quoting Brief v. Albert Einstein Coll. of Med., 423 Fed. Appx. 88, 90 (2d Cir. 2011)); see also Lopez v. City of New York, 2017 WL 4342203, at *10 (S.D.N.Y. Sept. 28, 2017), report and recommendation adopted, 2018 WL 1371164 (S.D.N.Y. Mar. 15, 2018). "To bring a reasonable accommodation claim, a plaintiff must show '(1) [ ]he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation.'" See Jones, 2020 WL 5077026, at *3 (S.D.N.Y. Aug. 27, 2020) (quoting Lopez, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), report and recommendation adopted, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019)). Plaintiff has failed to plead any facts related to the third element and, as such, the complaint must be dismissed for failure to state a claim.

Accordingly, this Court should grant Defendant's letter motion for a pre-motion conference in anticipation of its motion to dismiss for lack of standing and failure to state a claim upon which relief can be granted.

**This Court Should Exercise Its Discretion in Favor of Granting an Extension of Time**

Rule 6 provides that the Court may, for good cause, extend the time – with or without motion or notice if a request is made before the original time or its extension expires – for any act that must be done within a specified time. See Fed. R. Civ. P. 6(b)(1)(A). Here, good cause exists for an extension of time *sine die* because Defendant seeks to make a motion to dismiss the complaint which would obviate the need for an answer. In addition, waiting until the motion is decided serves to ensure the just, speedy, and inexpensive resolution of this case as required by Rule 1, which is incumbent on the parties and this Court to heed. See Fed. R. Civ. P. 1.

Accordingly, this Court should exercise its discretion in favor of granting Defendant's letter motion for an extension of time *sine die* pending the resolution of its anticipated motion to dismiss.

Defendant thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
August 21, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*Avi & Co NY Corp.*

**VIA ECF**
Stein Saks, PLLC
Attn: Mark Rozenberg, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601-
(201) 282-6500 ext. 119 (office)
(201) 282-6501 (facsimile)
mrozenberg@steinsakslegal.com

*Attorneys for Plaintiff*
*Elbert Dawkins*